UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 08-20218-CIV-UNGARO/SIMONTON

PAOLO ORTIZ, JIM ANGULO,
EVELYN LARZABAL, GUSTAVO
SALAZAR, FERNANDO
ARQUIBOLA, JOHN JAIRO PEREZ,
MARIA PEREZ f/k/a Maria Carron,
ANDRES PEDROSO and others
similarly-situated,

    Plaintiffs,

vs.

SANTULI CORP., a Florida
corporation, d/b/a Churros Manolo, and
JUAN MANUEL SANTURIAN,
individually,

    Defendants.
_____/

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Defendants, SANTULI CORP., d/b/a Churros Manolo and JUAN MANUEL SANTURIAN (hereinafter " Defendants"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 56 and S.D. Fla. L.R. 7.5 hereby file the above-referenced Motion and state the following:

1.    This is an overtime case filed pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207. Defendants own and operate a small restaurant in Miami Beach, Florida. Although Defendants do meet the $500,000 gross revenues requirement needed for FLSA jurisdiction, Defendants do not engage in interstate commerce whatsoever; nor do Defendants purchase goods or supplies that would bring them within

the coverage of the act. Plaintiffs do not claim that they engage in interstate commerce individually. Based on the foregoing, there is no genuine issue of material fact that the interstate activities necessary to invoke "enterprise coverage" under the FLSA are not present in the instant case.

WHEREFORE, based on the foregoing, Defendants respectfully request that this Court issue an Order granting summary judgment in favor of Defendants.

## MEMORANDUM OF LAW

### LEGAL STANDARDS FOR SUBJECT MATTER JURISDICTION

It is settled that "the party invoking the Court's jurisdiction, bear the burden of demonstrating that this matter falls within the Court's subject matter jurisdiction." *Makro Capital of Am., Inc. v. UBS AG*, 436 F. Supp. 2d 1342, 1345 (S.D. Fla. 2006); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002) (holding that "the burden is on the plaintiff to prove that jurisdiction exists"). The Supreme Court of the United States has specifically held that cooks are not entitled to individual coverage under the Act, even when they were preparing meals for workers repairing interstate rail tracks. *Mcleod v. Threlkeld*, 319 U.S. 491 (1942).

### LEGAL STANDARD FOR SUMMARY JUDGMENT

Summary judgment under Federal Rule Civil Procedure 56(c) is appropriate when "the pleadings, deposits, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 247 (1986) The moving party bears the initial responsibility of showing the Court, by reference to the record, that there are no genuine issues of material fact to be decided at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This burden may be met by "showing" or "pointing out" to the Court that there are no genuine issues of material fact. *Jeffrey v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593 (11th Cir. 1995) (*per curiam*) (quoting *Celotex*, 447 U.S. at 325). Once the initial burden is met, the non-moving party must go beyond the pleadings and "come forward with 'specific facts showing that there is genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*. 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)); *see also Celotex*, 477 U.S. at 324. In so doing, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 586. Instead, there must be a sufficient showing that the jury could reasonably find for that party. *Anderson*, 477 U.S. at 252; see also *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).

When deciding whether summary judgment is appropriate, the Court must view the evidence and all reasonable factual inferences there from in the light most to the non-moving party. *Witter v. Delta Air lines, Inc*., 138 F. 3d 1366, 1369 (11th Cir. 1998) (citation omitted). The Court must then decide whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Allen v. Tyson Foods, Inc., 121 F. 3d 642, 646 (11th Cir. 1997) (quoting *Anderson*, 477 U.S. at 251-52)).

**PLAINTIFFS CANNOT ESTABLISH JURISDICTION UNDER THE FSLA, BECAUSE THERE IS NO EVIDENCE THAT DEFENDANTS MEET THE INTERSTATE COMMERCE PRONG OF THE TEST FOR ENTERPRISE COVERAGE.**

### FLSA COVERAGE

Section 207(a) of the FLSA provides, in relevant part:

> "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

29 U.S.C. § 207(a)(l). Simply put, the FLSA requires an employer to pay overtime at a rate of one and one-half the employee's regular rate for all time worked over 40 hours in a week. These FLSA overtime provisions apply in two circumstances: (1) where an employee is engaged in commerce or the production of goods for commerce-individual coverage; or (2) where an employee works for an enterprise engaged in commerce or in the production of goods for commerce-enterprise coverage. *Ares v. Manuel Diaz Farms, Inc.,* 318 F.3d 1054, 1056 (11th Cir. 2003). "The burden of proof lies on employees to establish that they were engaged in interstate commerce, or in the production of goods, and that such production was for interstate commerce." *Kitchings v. Florida United Methodist Children's Home, Inc.,* 393 F. Supp. 2d 1282, 1292 n.25 (M.D. Fla. 2005) (citing *D.A. Schulte, Inc., v. Gangi,* 328 U.S. 108, 121 (1946) and *Warren-Bradshaw Drilling Co. v. Hall,* 317 U.S. 88, 90 (1942)).

Plaintiffs do not claim individual coverage under the FLSA. Under the second type of FLSA coverage, "enterprise coverage" an employee is entitled to time-and-a-half overtime pay if he or she is employed by "an enterprise engaged in commerce," as defined by § 203(s) of the statute. Section 203(s) of the FLSA provides in relevant part

4

that an "[e]nterprise engaged in commerce or in the production of goods for commerce" means an enterprise that:

> (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or material that have been moved in or produced for commerce by any person; and (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

Thus, in order for an enterprise to be "engaged in commerce," for purposes of enterprise coverage, a business must have employees handling goods or materials that have been moved in interstate commerce *and* must have annual gross volume of sales or business done in excess of $500,000. *See* 29 U.S.C. § 203(s)(l)(A)(ii). The FLSA overtime provisions apply only to "employers." The FLSA defines an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. *5* 203(d). "Employer" has been broadly construed by the courts to effectuate the remedial purpose of the statute. See, e.g., *Dole v. Simpson*, 784 F. Supp. 538, 545-47 (S.D. Ind. 1991); *Goetz v. Synthesys Tech, Inc.*, 286 F. Supp. 2d 796, 800 (W.D. Tex. 2003).

In *Sandoval v. Florida Paradise Lawn Maint., Inc.*, 2008 WL 1777392 (S.D. Fla. 2008), this Court rejected the plaintiff's claim of FLSA coverage in a case in which there was a genuine issue of material fact as to whether the defendant met the gross revenue requirement, but the plaintiff failed to bring forth any evidence of interstate commerce.[1] The Court relied on 29 C.F.R. § 779.238 which states:

---

[1] The *Sandoval*, court rejected the idea, as touched upon in *Galdames v. N & D Investment Corp.*, 2008 WL 4372889 (S.D. Fla. 2008), that any employer who meets the gross revenue requirement would be subject to FLSA coverage. The FLSA itself clearly contains a two-pronged for enterprise coverage.

> "[a]n enterprise ... will be considered to have employees engaged in commerce or in the production of goods for commerce, including the handling, selling or otherwise working on goods that have been moved in or produced for commerce by any person, if during the annual period which it uses in calculating its annual sales for purposes of the other conditions of these sections, it regularly and recurrently has at least two or more employees engaged in such activities. On the other hand, it is plain that an enterprise that has employees engaged in such activities only in isolated or sporadic occasions, will not meet this condition."

The Eleventh Circuit affirmed the lower court's decision in *Sandoval*. *Sandoval v. Florida Lawn Maint., Inc.* 2008 WL 5250274 (11th Cir. 2008). There is no evidence that Defendants in the instant case meet the interstate commerce requirement. The corporate Defendant is a local restaurant that serves customers in Miami Beach, Florida. (Santurian and Nahabetian Affs. ¶ 2). The corporate Defendant does not purchase products or other supplies outside of the State of Florida. (Santurian and Nahabetian Affs. ¶ 3). All purchases are made from local vendors. *Id*. Plaintiffs have the burden of demonstrating that there is enough evidence to show enterprise coverage. Defendants respectfully contend that there is no genuine issue as to FLSA coverage.

Respectfully submitted,

/s Gary A. Costales
Gary A. Costales
Florida Bar No. 0948829

Law Office of Gary A. Costales, P.A.
1200 Brickell Avenue, Suite 1230
Miami, Florida 33131
(305) 779-8102
(305) 375-9511 (facsimile)
gary@youremploymentattorney.com

**CERTIFICATE OF SERVICE**

I hereby certify that on February 13, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing

document is being served this day on all counsel of record identified in the Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

                                            /s Gary A. Costales
                                            Attorney

## SERVICE LIST

*Paola Ortiz, Jim Angulo, Evelyn Larzabal, Gustavo Salazar, Fernando Arquibola, John Jairo Perez and Maria Perez f/k/a Maria Carron v. Santuli, Corp., d/b/a Churros Manolo and Juan Manuel Santurian*
**Case No. 08-20218-CIV-UNGARO/SIMONTON**
**United States District Court, Southern District of Florida**

| | |
|---|---|
| Edilberto O. Marban | Gary A. Costales, Esq. |
| 782 NW LeJeune Road | Law office of Gary A. Costales, P.A. |
| Miami, FL 33126 | 1200 Brickell Ave. Suite 1230 |
| Telephone: (305) 448-9292 | Miami, Florida 33131 |
| Fasimile: (305) 448-2788 | Telephone: (305) 779-8102 |
| Email: marban@bellsouth.net | Facsimile: (305) 375-9511 |
| | E-mail: costalesgary@hotmail.com |