UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20218-CIV-UNGARO/SIMONTON
<u>CONSENT CASE</u>

PAOLO ORTIZ, et al.,

    Plaintiffs,

v.

SANTULI CORP., et al.,

    Defendants.
    _____/

<u>ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT WITHOUT PREJUDICE</u>

Presently pending before the Court are Defendants' Motion for Summary Judgment (DE # 53) and Plaintiffs' Motion for Summary Judgment (DE # 57); and, each party filed an motion for an extension of time to respond to the opposing party's motion for summary judgment (DE ## 58, 66 at 2, ¶¶ 2, 4). This case is referred to the undersigned Magistrate Judge for final disposition (DE # 37). Based upon a thorough review of the record and for the reasons stated herein, the parties' motions for summary judgment are DENIED WITHOUT PREJUDICE with leave to file renewed motions after conducting further discovery; and, the parties' motions for extensions of time are DENIED AS MOOT.

This case arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and Florida's Minimum Wage Law, based on Plaintiffs' allegation that Defendants did not pay them the minimum and overtime wages to which they were entitled (DE # 43).

This case is specially set for trial to commence on August 3, 2009 (DE # 49); the deadline for filing dispositive motions expired on February 13, 2009 (DE # 51); and the discovery deadline expired on January 9, 2009 (DE # 49), although the parties have

**stipulated to continue discovery beyond the close of the discovery period (DE # 58 at 2 n.2).**

**On February 13, 2009, Defendants filed a motion for summary judgment, arguing that Plaintiffs failed to satisfy their burden of proving that the Court has jurisdiction over this case because Defendant Santuli Corp. is merely a local restaurant, and not an "enterprise engaged in commerce" as that term is used in the FLSA.  (DE # 53) (citing 29 U.S.C. § 203).**

**Plaintiffs then filed a motion for partial summary judgment, asserting, *inter alia*, that the Court has jurisdiction over this case because Defendant Santuli Corp. is an "enterprise engaged in commerce" by virtue of the interstate telephone calls transmitted in the course of business, as well as its sale of Argentinean beer and wine (DE # 57).[1]**

**Plaintiffs state that they require additional time to respond to Defendants' motion for summary judgment because Plaintiffs need to conduct further discovery regarding the source of the goods sold by Defendants in order to determine whether those goods traveled in interstate commerce (DE # 58 at 2-3).[2]**

---

[1] Plaintiffs also argued that it was entitled to summary judgment on the grounds that (1) Defendants violated the minimum wage provisions of the FLSA because they availed themselves of a "tip credit" under the FLSA, which they were not entitled to do after taking control of the servers' tips for the purposes of distributing them among restaurant employees who did not earn tips; (2) Defendants violated the overtime wage provisions of the FLSA because the payroll records reflect that Plaintiffs worked overtime hours at their regular rate of pay, and not the time-and-a-half pay required by law; and (3) Defendant Juan Manue Santurian is jointly and severally liable as an employer based on his admissions that he was involved in the daily operations of the business and had authority over the terms and conditions of Plaintiffs' employment, including their salaries (DE # 57).

[2] In their motion, Plaintiffs also assert that Defendants have not fully responded to their discovery requests pertaining to the parties' dispute over FLSA coverage issues; and, that they need to conduct further discovery regarding Plaintiffs' involvement in credit card transactions for Defendants in order to determine whether Plaintiffs are

**Defendants have agreed to allow Plaintiffs to depose three vendors who supplied goods that were sold by Defendants for the purpose of establishing whether Defendant Santuli Corp. is an "enterprise engaged in commerce." The depositions are scheduled to commence on April 9, 2009 (DE # 66). In addition, Plaintiffs issued a subpoena to at least one of Defendants' vendors, and Defendants state that Plaintiffs will subpoena additional vendors (DE # 66 at 2 n.1).**

**The parties each argue that they are entitled to summary judgment on the issue of whether jurisdiction exists under the FLSA and aver that additional discovery is necessary for them to respond to the opposing motion for summary judgment. After a careful review of the record, the undersigned concludes that the cross-motions for summary judgment address the same core issue; and, therefore, if the parties require additional discovery to prepare an adequate response, then it follows that the parties would also require additional discovery to draft a complete motion for summary judgment. It is, accordingly,**

**ORDERED AND ADJUDGED that Defendants' Motion for Summary Judgment (DE # 53) and Plaintiff's Motion for Summary Judgment (DE # 57) are DENIED WITHOUT PREJUDICE. On or before April 17, 2009, the parties shall file renewed motions for summary judgment after conducting further discovery. On or before May 4, 2009, the parties shall file their responses in opposition to summary judgment; and, on or before May 14, 2009, the parties shall file their replies. It is further**

---

**subject to "individual coverage" under the FLSA as an alternative basis for jurisdiction if "enterprise coverage" does not exist (DE # 58). Defendants refute the allegation that they have not fully responded to discovery (DE # 66 at 2 n.2), but have not stated their position regarding the discovery sought by Plaintiffs regarding "individual coverage" under the FLSA.**

3

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Extension of Time to Respond to Defendants' Motion for Summary Judgment (DE # 58) and Defendant's Unopposed Motion for Extension of Time to Respond to Plaintiffs' Motion for Summary Judgment (DE # 66) are **DENIED AS MOOT**, based upon the briefing schedule for renewed motions for summary judgment set forth above.

**DONE AND ORDERED** in chambers in Miami, Florida on March 17, 2009.

_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All counsel and *pro se* parties of record via CM/ECF