UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20218-CIV-UNGARO/SIMONTON
<u>CONSENT CASE</u>

PAOLO ORTIZ, et al.,

    Plaintiffs,

v.

SANTULI CORP., et al.,

    Defendants.
_____/

### ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL

Presently pending before the Court is Plaintiffs' Motion to Compel (DE # 64). Defendants filed a response (DE # 69) and although the deadline for filing a reply has expired, Plaintiffs have not filed a reply to date. This case is referred to the undersigned Magistrate Judge based upon the consent of the parties (DE # 37). Based upon a thorough review of the record and for the reasons stated herein, Plaintiffs' motion is GRANTED IN PART AND DENIED IN PART.

    I.    <u>BACKGROUND</u>

According to the Amended Complaint, Plaintiffs were employed by Defendants, who failed to pay them minimum and overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and Florida's Minimum Wage Law (DE # 43).

Plaintiffs filed the instant motion, seeking to compel the production of 14 separate categories of documents (DE # 64). Defendants responded that (1) they have produced the majority of documents at issue; (2) they do not possess or control some of the documents requested; and (3) some of the documents requested pertain to matters

that are not in dispute and are therefore unnecessary or cumulative (DE # 69). After Defendants filed their response, they expressly conceded that enterprise coverage exists as to the corporate defendant for the purpose of establishing this Court's jurisdiction pursuant to the FLSA (DE # 75 at 2 & n.1). Therefore, any requests for production that pertain to Plaintiffs' jurisdictional burden will be denied as moot.

## I. DOCUMENTS REGARDING PLAINTIFFS' JURISDICTIONAL BURDEN

Request for Production ("RFP") Nos. 1, 2, 3, 4, 6, 7, 8 and 9 were all predicated upon Plaintiffs' effort to overcome Defendants' denial that FLSA jurisdiction exists in this case (DE # 64 at 2-6). Based upon Defendants' recent concession that enterprise coverage is present, these RFPs are no longer relevant to any issue in dispute; and, therefore, Plaintiffs' request to compel the production of documents responsive to these RFPs is denied as moot.[1]

## II. DOCUMENTS REGARDING THE IDENTITY OF THE OWNER OF THE CORPORATE DEFENDANT

According to Plaintiffs, the individual defendant, Juan Manuel Santurian, owns the corporate defendant, Santuli Corp., yet he denied in his deposition that he owned Santuli; stated that Santuli was owned by an entity named IFF, Inc.; and, claimed that he

---

[1] The undersigned notes that, prior to acknowledging the existence of enterprise coverage, Defendants claimed that they had already produced all documents in its possession custody and control that were responsive to RFP Nos. 2, 3 and 9 (DE # 69 at 2-3); that there were no documents within its possession custody or control that were responsive to RFP Nos. 1, 6 and 7 (DE # 69 at 3); that RFP No. 4 was cumulative since there was no dispute that Plaintiffs carried credit card transactions that required processing over state lines in the course of their employment with Defendants (DE # 69 at 4-5); that RFP No. 5 was overbroad, unduly burdensome and not relevant because there is no evidence that Plaintiffs made long-distance phone calls in the course of their employment and, in any event, the fact that long-distance calls were made would not reflect who made the call or the purpose of the call (DE # 69 at 5-6); and, that RFP No. 8 was irrelevant to any matter in dispute among the parties (DE # 69 at 6).

did not know who IFF was.  Thus, Plaintiffs contend that responses to RFP Nos. 11, 12 and 13 are necessary to impeach Mr. Santurian's credibility.

In RFP No. 11, Plaintiffs sought "[a]ll documents which evidence the ownership of [Santuli] by IFF, Inc., as identified in the deposition of Manuel Santurian" (DE # 64 at 6).

In RFP No. 12, Plaintiffs sought "[a]ll documentation received from IFF, Inc., relating to the ownership of [Santuli]" (DE # 64 at 7).

In RFP No. 13, Plaintiffs sought "[a]ny and all documents which evidence payment for profits from [Santuli] to IFF, Inc." (DE # 64 at 7).

Defendants objected to each of these RFPs "as being overly broad, unduly burdensome, and not reasonably calculated to lead to admissible evidence;" and, they argue in their response that: (1) "[i]t is not clear how such documents could impeach Santurian;" (2) using the documents in that manner would be impermissible because they relate to a collateral issue; and (3) "there is no dispute that Plaintiffs worked for [Santuli] and that [Mr.] Santurian ran the day-to-day operations" (DE # 69 at 6-7).

Defendants' objection amounts to a premature *motion in limine* to exclude extrinsic evidence relating to Mr. Santurian's character for truthfulness under Federal Rule of Evidence 608.  However, Federal Rule of Civil Procedure 26(b) provides that parties are entitled to discover materials that are "reasonably calculated to lead to the discovery of admissible evidence," Fed. R. Civ. P. 26(b); and, the identity of the owner of the corporate defendant in this case falls well within the broad confines of that Rule.

Thus, regardless of whether Plaintiffs are ultimately permitted to use extrinsic evidence of Mr. Santuli's character for truthfulness at trial,[2] the undersigned concludes

---

[2] The undersigned notes that some courts and commentators recognize the admissibility of non-collateral facts that include facts tending to contradict "'any part of

that it is appropriate to require Defendants to provide Plaintiffs with documents evincing the identity of the owner of the corporate defendant.  For instance, the information gleaned as a result of this discovery could be used by Plaintiffs to craft questions to pose to Mr. Santuli during his cross-examination, even if his responses may not be challenged by the introduction of extrinsic evidence.  *See* Fed. R. Evid. 608 ("Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness . . . may not be proved by extrinsic evidence.  They may, however, in the discretion of the court, . . . be inquired into on cross-examination of the witness").

The undersigned notes that Plaintiff's RFPs are somewhat cumulative and, therefore, Plaintiffs' RFP No. 11 is granted, while RFP Nos. 12 and 13 are denied pursuant to Federal Rule of Civil Procedure 26(b)(2)(C) ("[T]he court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the discovery sought is unreasonably cumulative or duplicative").

### III.     REMAINING DISCOVERY REQUESTS

In the instant motion, Plaintiffs seek to compel the production of documents responsive to RFP No. 14, in which they sought "[t]he owner manual for the 'Restaurant Manager' program identified by Manuel Santurian during his deposition," as well as RFP No. 15, in which they sought "[a]ny and all invoices, statements, or billings of any kind, received from Chenney Brothers, Cisco Foods, and/or South Florida Foods, for the purchase or acquisition of food or goods sold at [Santuli], including documents which

---

the witness' account of the background and circumstances of a material transaction,' ... [e]ven though these facts are not probative of any substantive issue in the case, [since] they shed sufficient light on the witness' credibility to warrant the time spend hearing extrinsic evidence."  27 Fed. Prac. & Proc. Evid. 2d § 6096 (2009).

evidence the particular goods which were acquired by the restaurant" (DE # 64 at 7-8).

Defendants respond that there are no documents responsive to RFP No. 14 within their possession custody or control (DE # 69 at 3); and, that they have already produced all documents within their possession, custody or control that are responsive to RFP No. 15 (DE # 69 at 2).

Based on Defendants' representations that either no responsive documents exist or that all responsive documents have been produced, as well as the fact that Plaintiffs have failed to assert that these documents are potentially relevant for any purpose other than to establish FLSA jurisdiction which, as discussed above, is no longer in dispute, Plaintiffs' RFP Nos. 14 and 15 are denied as moot.

**ORDERED AND ADJUDGED** that Plaintiffs' Motion to Compel (DE # 64) is **GRANTED IN PART AND DENIED IN PART**, as follows:

1. On or before May 25, 2009, Defendants shall respond to Plaintiffs' Request Production No. 11 by providing all documents within their possession, custody or control which evidence the ownership of Defendant Santuli Corp. by IFF, Inc. as stated in the deposition of Defendant Santurian.

2. Plaintiffs' motion to compel the production of documents responsive to Request for Production Nos. 1, 2, 3, 4, 6, 7, 8, 9, 12, 13, 14 and 15 is **DENIED**.

**DONE AND ORDERED** in chambers in Miami, Florida, on May 14, 2009.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All counsel and *pro se* parties of record, via CM/ECF