UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20218-CIV-UNGARO/SIMONTON
<u>CONSENT CASE</u>

PAOLO ORTIZ, et al.,

    Plaintiffs,

v.

SANTULI CORP., et al.,

    Defendants.
_____/

<u>ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' MOTION IN LIMINE</u>

Presently pending before the Court is Plaintiffs' Motion in Limine (DE # 84). Defendants filed a response (DE # 107). This case is referred to the undersigned Magistrate Judge based upon the parties' consent (DE # 37). During the pretrial conference on July 27 and 31, 2009 (DE # 99, 108), the parties addressed the matters raised in Plaintiffs' motion. Based upon a review of the record and for the reasons stated on the record at the pretrial conference, which are incorporated herein by reference, Plaintiffs' Motion is GRANTED IN PART AND DENIED IN PART.

This is an action under the Fair Labor Standards Act ("FLSA"); and, in the instant motion, Plaintiffs seek to preclude certain matters from being raised during the upcoming trial, each of which will be addressed in turn below.

First, Plaintiffs request that the Defendant refrain from suggesting that Plaintiff Evelyn Larzabal was fired based on allegations that she stole money from the Defendants. As stated at the pretrial conference, the parties agree that it is inappropriate to for Defendants to elicit testimony concerning unproven allegations of theft. However, the parties also agree that it is appropriate to permit Defendants to introduce evidence

and testimony showing that Ms. Larzabal was fired, since that fact tends to prove the possibility that her testimony will be biased.  The parties also agree that if Plaintiffs open the door by discussing why Ms. Larzabal was fired, Defendants may respond by offering evidence and testimony that tends to contradict Plaintiffs' version of events.  Therefore, Plaintiffs' motion to exclude evidence regarding allegations that Ms. Larzabal stole money from Defendants is GRANTED, provided that Plaintiffs do not open the door to the introduction of such evidence by discussing the reasons for Ms. Larzabal's termination during the trial.

Second, Plaintiffs assert that Defendants should not be permitted to prejudice the jury by arguing that the business was not profitable.  As stated on the record at the pretrial conference, Defendants do not intend to argue that the restaurant was not profitable; and, therefore, this aspect of Plaintiffs' motion is DENIED AS MOOT.

Third, Plaintiffs argue that Defendants should not be permitted to refer to the fact that some Plaintiffs are undocumented aliens.  Defendants stated at the pretrial conference that they do not intend to introduce such evidence; and, therefore, this aspect of Plaintiffs' motion is DENIED AS MOOT.

Fourth, Plaintiffs contend that the jury should not be permitted to hear evidence that Plaintiffs failed to pay income taxes on the wages they received.  Defendants respond that Plaintiffs' failure to pay income taxes is relevant because (1) it tends to show that they lack credibility as witnesses; and (2) it is a means of challenging Plaintiffs' estimates of the wages they received.  The undersigned agrees that Defendants should be permitted to cross-examine Plaintiffs by asking whether they kept records of their income (notwithstanding the fact that the FLSA places the burden on the employer, not the employee, to maintain such records).  However, given the facts of this

case as a whole, the undersigned concludes that Defendants shall be precluded from suggesting that Plaintiffs failed to pay income taxes because such evidence will likely create undue prejudice in the minds of the jurors; and, it will likely give rise to collateral disputes – including the extent of Plaintiffs' reporting obligations regarding such taxes – that will cause undue delay and confusion of the issues.  Thus, Plaintiffs' motion in limine to preclude Defendants from introducing evidence that Plaintiffs failed to pay income taxes is GRANTED.

Based upon a review of the record as a whole and for the reasons stated on the record at the pretrial conference, which are incorporated herein by reference, it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs' Motion in Limine (DE # 84) is **GRANTED IN PART AND DENIED IN PART**, as set forth above.

**DONE AND ORDERED** in chambers in Miami, Florida on August 3, 2009.

*Andrea M. Simonton*
_____
**ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:
All counsel of record