UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20218-CIV-UNGARO/SIMONTON
<u>CONSENT CASE</u>

PAOLO ORTIZ, et al.,

    Plaintiffs,

v.

SANTULI CORP., etc., et al.,

    Defendants.
_____/

<u>ORDER GRANTING PLAINTIFFS' MOTION FOR
AWARD OF LIQUIDATED DAMAGES</u>

Presently pending before the Court is Plaintiffs' Motion To Liquidate Damages (DE # 126). The deadline for responding expired on August 28, 2009, and no response has been filed. This case was referred to the undersigned Magistrate Judge for final disposition based upon the consent of the parties (DE # 37). Based upon a thorough review of the record and for the reasons stated herein, Plaintiffs' motion is GRANTED.

This is an action to recover unpaid minimum and overtime wages pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* Following a four-day jury trial, the jury returned a verdict in favor of all Plaintiffs, finding that:

    Plaintiff PAOLO ORTIZ was owed $11,358.96 in minimum wages and $6,081.70 in overtime wages;

    Plaintiff JIM ANGULO was owed $23,465.22 in minimum wages and $5,240.92 in overtime wages;

    Plaintiff EVELIN LARZABAL was owed $5,442.04 in minimum wages and -$126.35 in overtime wages; and that she had been untimely paid $950.00 in

>    overtime wages;
>
> Plaintiff JOHN PEREZ was owed $20,468.60 in minimum wages and $5,344.17 in overtime wages; and that he had been untimely paid $290.00 in overtime wages;
>
> Plaintiff MARIA PEREZ was owed $12,717.35 in minimum wages and $3,106.67 in overtime wages; and
>
> Plaintiff ANDRES PEDROSO was owed $5,644.85 in overtime wages (DE # 120).

The statute of limitations for an FLSA claim is ordinarily two years, unless the claim "aris[es] out of a willful violation," 29 U.S.C. § 255(a).  Since Plaintiffs sought damages for three years prior to the date of the Complaint, the jury was required to determine whether the violation was willful.  In the Verdict Form, the jury specifically found that Plaintiffs proved "by a preponderance of the evidence that Defendants either knew or showed reckless disregard for the matter of whether their conduct was prohibited by the Fair Labor Standards Act" (DE # 120).

Plaintiffs then filed the present motion for liquidated damages based upon the Jury Verdict in their favor and section 216(b) of the FLSA, which provides that

> [a]ny employer who violates the provisions of . . . section 207 of this title shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages.

29 U.S.C. § 216(b).  Plaintiffs request this Court to award liquidated damages which equal the amount of minimum wages and overtime compensation which the jury found that they were owed, plus an amount equal to the overtime payments that the jury found were untimely paid to Plaintiffs Larzabal and John Perez.  Plaintiffs acknowledge that if an employer proves that it acted in good faith and had reasonable grounds for believing

that its actions were not in violation of the FLSA, the Court has the discretion to reduce or deny an award of liquidated damages. 29 U.S.C. § 260. However, Plaintiffs contend that in the case at bar, this Court is bound by the jury verdict, and cannot find that Defendants acted in good faith; and, therefore, they are entitled to the full award of liquidated damages.

Defendants have not responded in opposition to this motion; and, this Court agrees that Eleventh Circuit precedent precludes a good faith finding by the Court after the jury has found a willful violation of the FLSA. Specifically, in *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150 (11th Cir. 2008), the Eleventh Circuit succinctly held that, "in an FLSA case[,] a jury's finding in deciding the limitations period question that the employer acted willfully precludes the court from finding that the employer acted in good faith when it decides the liquidated damages question." 515 F.3d at 1166. The Court added that "to find 'good faith' after a finding of 'willful' violation is illogical; the two terms are now mutually exclusive." *Id.* at 1165. Therefore, the undersigned agrees that Plaintiff is entitled to an award of liquidated damages.

Plaintiffs attached a proposed Final Judgment to their motion, which calculates the total amounts owed to each Plaintiff. There appear to be mathematical errors with respect to the calculations involving certain Plaintiffs. Therefore, the Court had adjusted those requests, as follows:

> Plaintiff PAOLO ORTIZ is awarded actual damages in the amount of $17,440.66; and, is awarded liquidated damages in an equal amount for a total award of $34,881.32.
>
> Plaintiff JIM ANGULO is awarded actual damages in the amount of $28,706.14; and, is awarded liquidated damages in an equal amount for a total award of

$57,412.28;

Plaintiff EVELIN LARZABAL is awarded actual damages in the amount of $5,442.04; and, is awarded liquidated damages in an equal amount, plus $823.65 as liquidated damages on the amount of overtime owed that was untimely paid; for a total award of $11,707.73;

Plaintiff JOHN PEREZ is awarded actual damages in the amount of $25,812.77; and, is awarded liquidated damages in an equal amount, plus $290.00 as liquidated damages on the amount of overtime owed that was untimely paid for a total award of $51,915.54;

Plaintiff MARIA PEREZ is awarded actual damages in the amount of $15,824.02; and, is awarded liquidated damages in an equal amount for a total award of $31,648.04; and

Plaintiff ANDRES PEDROSO is awarded actual damages in the amount of $5,644.85, and is awarded liquidated damages in an equal amount for a total award of $11,289.70.

It is, accordingly,

**ORDERED AND ADJUDGED** that Plaintiffs' Motion for Award of Liquidated Damages (DE # 126) is **GRANTED,** and Plaintiffs are awarded liquidated damages as stated in the body of this Order.

**DONE AND ORDERED** in chambers in Miami, Florida on September 2, 2009.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies via CM/ECF to:
All counsel of record