UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20218-CIV-UNGARO/SIMONTON
<u>CONSENT CASE</u>

PAOLO ORTIZ, et al.,

    Plaintiffs,

v.

SANTULI CORP., and
JUAN MANUEL SANTURIAN,

    Defendants.
_____/

<u>ORDER REQUIRING PLAINTIFFS TO FILE A SUPPLEMENTAL AFFIDAVIT</u>

Presently pending before the Court is Plaintiffs' Motion for Leave To Proceed With Complaint In Aid of Execution (DE # 131). Defendant Santurian has not responded to the motion and the time to do so has run.[1] For the reasons stated below, Plaintiffs are required to file a supplemental affidavit which satisfies the requirements of Fla. Stat. § 56.29.

I. <u>Background</u>

This is an action to recover unpaid minimum and overtime wages pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* Following a four-day jury trial, the jury returned a verdict in favor of all Plaintiffs (DE # 120). On September 2, 2009, the undersigned entered Final Judgment in favor of all Plaintiffs, jointly and severally against Defendants (DE # 128). On January 7, 2010, the entered Final Judgment in favor of all Plaintiffs and against Defendant Santurian, on Plaintiffs' motion for attorney's fees and the costs of litigation (DE # 142).

---

[1]The case is stayed as to Defendant Santuli Corporation due to its filing of a suggestion of bankruptcy (DE ## 129, 130).

## II. Plaintiffs' Motion

In this motion, Plaintiffs contend that on August 1, 2008, seven months after the commencement of this case, Defendant Santurian fraudulently transferred real property to his two daughters, Natali Santurian and Carolina Santurian (DE # 131). In the Supplemental Complaint In Aid of Execution, Plaintiffs seek, pursuant to the Florida Uniform Fraudulent Transfer Act, Fla. Stat. § 726.108 (2009), to void the allegedly fraudulent conveyance to Defendant Santurian's daughters (DE # 132).

## III. Analysis

Plaintiffs seek authorization for proceedings supplementary under Fla. Stat. § 56.29. Under Rule 69, state law concerning supplementary proceedings will govern to the extent that they are not preempted by federal law. *Allied Indus. Int'l, Inc. v. AGFA-Gevaert, Inc.*, 688 F.Supp. 1516, 1517 (S.D. Fla. 1988). Here, Fla. Stat. § 56.29 governs.

Rule 69(a) directs that the procedure on execution "shall be in accordance with the practice and procedure of the state in which the district court is held." The procedures for impleading third parties in supplementary proceedings are set forth in Fla. Stat. § 56.29. *See Kobarid Holdings v. Reizen*, 2007 WL 14294 at *2 (S.D. Fla. Jan. 2, 2007), *citing General Trading Inc. v. Yale Materials Handling Corp.*, 119 F.3d 1485, 1496 n.22 (11th Cir. 1997). Under Fla. Stat. § 56.29, the two jurisdictional prerequisites for supplementary proceedings are 1) an unsatisfied writ of execution and 2) an affidavit averring that the writ is valid and unsatisfied along with a list of persons to be impleaded. No other showing is necessary to implead third parties. *See General Trading Inc. v. Yale Materials Handling Corp.*, 119 F.3d at 1496 n.22. While the record indicates that this Court issued a writ of execution against Defendant Santurian on October 9, 2009 (DE # 137), after Plaintiffs filed the instant motion, Plaintiffs have not provided a

supplementary affidavit which avers that the writ is valid and unsatisfied, along with a list of persons to be impleaded.  As Plaintiffs' failure to satisfy the requirements of Fla. Stat. § 56.29 is not a technicality, Plaintiffs must file a supplementary affidavit which satisfies the requirements of Fla. Stat. § 56.29.

Therefore, for the reasons stated above, it is hereby

**ORDERED** that on or before April 30, 2010, Plaintiffs must file a supplementary affidavit which satisfies the requirements of Fla. Stat. § 56.29.  If Plaintiffs fail to timely file the supplementary affidavit, their Motion for Leave To Proceed With Complaint In Aid of Execution (DE # 131) may be denied.

**DONE AND ORDERED** in chambers, in Miami, Florida, on April 15, 2010.

*/s/ Andrea M. Simonton*
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies provided via CM/ECF to:
all counsel of record