UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-20218-CIV-UNGARO/SIMONTON
<u>CONSENT CASE</u>

PAOLO ORTIZ, et al.,

    Plaintiffs,

v.

SANTULI CORP., and
JUAN MANUEL SANTURIAN,

    Defendants.
_____/

<u>AMENDED ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE
TO PROCEED WITH COMPLAINT IN AID OF EXECUTION</u>
(Prior Order Did Not Contain Judge's Signature)

    Presently pending before the Court is Plaintiffs' Motion for Leave To Proceed With Complaint In Aid of Execution (DE # 131).  Defendant Santurian has not responded to the motion and the time to do so has run.[1]

    This is an action to recover unpaid minimum and overtime wages pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* Following a four-day jury trial, the jury returned a verdict in favor of all Plaintiffs (DE # 120).  On September 2, 2009, the undersigned entered Final Judgment in favor of all Plaintiffs, jointly and severally against Defendants (DE # 128).  On January 7, 2010, the entered Final Judgment in favor of all Plaintiffs and against Defendant Santurian, on Plaintiffs' motion for attorney's fees and the costs of litigation (DE # 142).

    In this motion, Plaintiffs contend that seven months after the commencement of this case, on August 1, 2008, Defendant Santurian fraudulently transferred real property

---

[1] The case is stayed as to Defendant Santuli Corporation due to its filing of a suggestion of bankruptcy (DE ## 129, 130).

to his two daughters, Natali Santurian and Carolina Santurian (DE # 131).  In the Supplemental Complaint In Aid of Execution, Plaintiffs seek, pursuant to the Florida Uniform Fraudulent Transfer Act, Fla. Stat. § 726.108 (2009), to void the allegedly fraudulent conveyance to Defendant Santurian's daughters (DE # 132).

Plaintiffs seek authorization for proceedings supplementary under Fla. Stat. § 56.29.  Under Fed.R.Civ.P. 69, state law concerning supplementary proceedings will govern to the extent that it is not preempted by federal law.  *Allied Indus. Int'l, Inc. v. AGFA-Gevaert, Inc.*, 688 F.Supp. 1516, 1517 (S.D. Fla. 1988).  Here, Fla. Stat. § 56.29 governs. A supplementary proceeding is "equitable in nature and should be interpreted liberally to ensure that 'a judgment creditor [receives] the most complete relief possible . . .' without the necessity of initiating a separate action."  *Cuban Cigar Brands, NV v. Tabacalera Popular Cubana, Inc.*, 2008 WL 4279641, at *2 (S.D. Fla. Sept. 16, 2008) (internal citations omitted).  Under this statute, when any person or entity holds an unsatisfied judgment and files an affidavit identifying relevant information, including the unsatisfied amount of the judgment, and stating that execution is valid and outstanding and the judgment holder is entitled to proceedings supplementary to execution, the court may order any property of the judgment debtor, not exempt from execution, in the hands of any person or due to the judgment debtor to be applied toward the satisfaction of the judgment debt.  Fla. Stat. §§ 56.29(1) & (5).  Moreover, the court "may enter any orders required to carry out the purpose of this section to subject property or property rights of any defendant to execution." Fla. Stat. § 56.29(9).

Plaintiffs seek to implead Natali Santurian and Carolina Santurian into this action because it appears that those parties participated in the fraudulent transfers. "Impleading those persons whose interest may be affected by the Court's rulings is

2

necessary both to acquire jurisdiction over them, and to afford them the essential elements of procedural due process." *Mission Bay Campland, Inc. v. Sumner Fin. Corp.*, 71 F.R.D. 432, 434 (M.D. Fla. 1976).

Rule 69(a) directs that the procedure on execution "shall be in accordance with the practice and procedure of the state in which the district court is held."  The procedures for impleading third parties in supplementary proceedings are set forth in Fla. Stat. § 56.29.  *See Kobarid Holdings v. Reizen*, 2007 WL 14294 at *2 (S.D. Fla. Jan. 2, 2007), *citing General Trading Inc. v. Yale Materials Handling Corp.*, 119 F.3d 1485, 1496 n.22 (11th Cir. 1997).  Under Fla. Stat. § 56.29, the two jurisdictional prerequisites for supplementary proceedings are 1) an unsatisfied writ of execution and 2) an affidavit averring that the writ is valid and unsatisfied along with a list of persons to be impleaded.  No other showing is necessary to implead third parties.  *See General Trading Inc. v. Yale Materials Handling Corp.*, 119 F.3d at 1496 n.22.

On April 29, 2010, Plaintiffs filed the required affidavit (DE # 145-1).  Therefore, Plaintiffs' motion is granted.

The undersigned notes that as Natali Santurian and Carolina Santurian have not consented to the jurisdiction of the undersigned Magistrate Judge in this matter, the Honorable Ursula Ungaro, United States District Judge, will retain jurisdiction over all matters connected to Natali Santurian and Carolina Santurian, and the undersigned Magistrate Judge will only be able to consider matters referred by the District Court.  *See General Trading v. Yale Materials Handling Corp.*, 119 F.3d 1485, 1492 (11th Cir. 1997); *Babbit Elecs. v. Dynascan Corp.*, 915 F.Supp. 335, 336 (S.D. Fla. 1995).

Therefore, after a careful review of the record, it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs' Motion for Leave To Proceed With

**Complaint In Aid of Execution (DE # 131), is GRANTED as follows:**

    a.  Plaintiffs' Supplemental Complaint in Aid of Execution (DE # 132), is deemed filed.

    b.  Proceedings supplementary are hereby authorized pursuant to Fed.R.Civ.P. 69 and Fla. Stat. § 56.29.

    c. Natali Santurian and Carolina Santurian are hereby impleaded parties in this action.

    d.  Plaintiffs, pursuant to Fed.R.Civ.P. 4, must personally serve Natali Santurian and Carolina Santurian with the Complaint In Aid of Execution, and Plaintiffs must file affidavits of service.

**DONE AND ORDERED** in chambers in Miami, Florida on July 23, 2010.

_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished via CM/ECF to:
The Honorable Ursula Ungaro
    United States District Judge
All counsel of record